UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| VIRTUAL STUDIOS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. _____ |
| ) | |
| CCA GLOBAL PARTNERS, INC., ) | JURY DEMAND |
| and CCA GLOBAL SERVICES, LLC, ) | |
| both d/b/a FLOORING AMERICA, ) | |
| FLOORING CANADA, CARPET ONE ) | |
| FLOOR & HOME, PROSOURCE ) | |
| WHOLESALE FLOOR COVERINGS, ) | |
| INTERNATIONAL DESIGN GUILD, ) | |
| HOME SOLUTIONS, MULTIFAMILY ) | |
| SOLUTIONS, THE FLOOR TRADER ) | |
| and FEI GROUP ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

By way of complaint against defendants CCA Global Partners, Inc. and CCA Global Services, LLC, plaintiff Virtual Studios, Inc. states as follows:

**JURISDICTION**

1. This complaint is brought under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq.* This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

**VENUE**

2. Venue is appropriate under the provisions of 28 U.S.C. §1391(b)(2) and 28 U.S.C. §1400(a).

## FACTS COMMON TO ALL COUNTS

3. Plaintiff, Virtual Studios, Inc., ("Virtual") a Tennessee corporation, provides a variety of services and products within the graphic arts industry. Among those services are digital photography, image manipulation, scanning, design and illustration, digital printing, presentation graphics, image setting, and digital proofs.

4. In the 1990's Virtual developed a unique and proprietary software for digitally manipulating room scenes. It offered this service to carpet and flooring manufacturers as a means by which they could display their products in sales, advertising and marketing materials.

5. Virtual's unique proprietary software allowed it to digitally photograph carpet and flooring products and then manipulate the images of those products so as to create a picture of a room with the appearance that such carpet and flooring products were installed in it.

6. In the 1990's, Virtual and carpeting and floor covering manufacturers began doing business together. Through the new technology developed by Virtual, Virtual's customers are able to display rugs and carpeting in room scenes created by Virtual.

7. Under the terms of the agreement between Virtual and its customers, each customer would select certain room scenes from Virtual's library of copyrighted room scenes and would provide Virtual with a sample of its product for use in the selected room scene. Virtual would then digitally photograph a small portion of the sample product, and digitally manipulate the image it took so as to virtually place that product

into the selected room scene. Virtual's customers would then use this room scene in its advertising, sales and promotional materials in both print and internet media.

8. Virtual's customers include Beaulieu Group, LLC ("Beaulieu") and other major carpet manufacturers. Virtual has obtained a judgment for $1,950,000.00 against Beaulieu Group, LLC for copyright infringement in the United States District Court for the Eastern District of Chattanooga. The case is styled Virtual Studios, Inc. v. Beaulieu Group, LLC, Case No. 1:11-cv-359, Judge Curtis Collier. Judge Collier also issued an injunction requiring Beaulieu to notify its customers, including the defendant of the existence of the judgment and the existence of images that Beaulieu infringed upon when it distributed the images to third parties, including CCA Global Partners, Inc. and CCA Global Services, LLC (collectively "CCA").

9. Beaulieu provided images that are the subject of the pending judgment against Beaulieu that are copyright protected from disclosure, dissemination, display or use by other parties, including CCA.

10. Plaintiff is informed and believes and based on such information and belief alleges that CCA has displayed and continues to display without Virtual's permission and without any proper licensing agreement, Virtual's copyrighted images. Previously, counsel for Virtual wrote Howard Brodsky and Rick Bennett, officers of CCA, to make CCA aware that it is likely using or allowing to be displayed in stores operated or managed or controlled by it or at its authorized dealers, copies of images that belong to Virtual and that are subject to a copyright.

11. Further, pursuant to Judge Collier's injunction, Beaulieu sent a letter to its customers, including CCA, notifying it of the judgment for copyright infringement and

furnishing CCA with copies of the images that are the subject of the Virtual judgment against Beaulieu.

## PARTIES

12. Virtual is a Tennessee corporation with its principal place of business located at 402 North Park Drive, Suite 103, Dalton, GA 30720.

13. CCA is a corporation and a limited liability company with principal places of business located in Jefferson City, MO. CCA does business under and through various names, including, but not necessarily limited to Flooring America, Flooring Canada, Carpet One Floor & Home, Prosource Wholesale Floor Coverings, International Design Guild, Home Solutions, MultiFamily Solutions, The Floor Trader and FEI Group. CCA does business throughout the United States and Canada, including business in Tennessee.

## COUNT I

## COPYRIGHT INFRINGEMENT

14. Virtual repeats and restates each and every allegation of Paragraphs 1 through 13 as though fully set forth herein.

15. Numerous CCA businesses and stores, CCA authorized dealers and other entities directly infringed Virtual's copyrighted images.

16. CCA had the ability to control or prevent the infringing acts of its authorized dealers or other entities operated or controlled by it that directly infringed Virtual's images.

17. CCA willfully and negligently failed to take appropriate steps to control or prevent the infringing acts of its authorized dealers or other entities operated or controlled

by it and obtained a direct financial benefit from the infringing activities of its authorized dealers or other entities operated or controlled by it that directly infringed Virtual's images.

18. The acts and conduct of CCA as alleged constitute copyright infringement.

19. Virtual has notified CCA of its improper, unlawful and infringing actions. CCA management has failed to acknowledge that CCA has improperly infringed Virtual's copyrights or prevent ongoing infringement.

20. In 2007, 2008 and 2009, Virtual complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright by applying for copyright registration and making the required deposit for each and every one of the room scene images it provided Beaulieu for its limited use. The United States Copyright Office issued copyright certificates for each of the subject room scenes.

21. CCA has actual or constructive notice of Virtual's copyright in and to the subject room scene images.

22. Notwithstanding CCA's notice and knowledge of Virtual's rights and without Virtual's permission or assent, CCA has continued to use and display or allow the use and display of Virtual's copyrighted images.

23. Virtual has notified CCA that it has infringed and is infringing Virtual's copyrights. Nothwithstanding such notice, CCA has continued and is anticipated to continue to use or allow the use of Virtual's copyrighted materials in violation of those copyrights and without the permission or assent of Virtual.

24. CCA's acts of infringement have been and continue to be willful.

25. The unauthorized and infringing use by CCA of Virtual's copyrighted materials has caused irreparable harm, damage and injury to Virtual. In addition, CCA has unlawfully and wrongfully derived and will continue to unlawfully and wrongfully derive income and profits from its infringing acts.

## COUNT TWO

## VICARIOUS COPYRIGHT INFRINGEMENT

26. Virtual repeats and restates each and every allegation of Paragraphs 1-25 as though fully set forth herein.

27. Numerous CCA dealers, businesses and entities directly infringed Virtual's copyrighted works.

28. CCA had the right and ability to control the infringing acts of the businesses and entities who directly infringed Virtual's works.

29. CCA derived a direct financial benefit from the infringing activities of the businesses or entities who directly infringed Virtual's works.

30. The acts and conduct of CCA as alleged constitute vicarious copyright infringement.

## PRAYER

**WHEREFORE,** Virtual requests judgment against CCA for:

a) A permanent injunction enjoining CCA and its stores, franchisees, dealers, customers, agents, and employees from infringing in any manner, Virtual's copyrights in the subject room scene images and from copying, disseminating, altering or otherwise disposing of any copies thereof pending a final decision in this action;

b) A permanent injunction impounding all forms of displays of the images infringing the copyrights of Virtual in the subject room scene images;

c) Delivery by CCA, its agents, stores, franchisees, dealers, customers, and employees and all holding with through or under or anyone acting on its behalf for destruction following a final decision in this action, of all impounded forms of displays of the images infringing Virtual's copyrights including, but not necessarily limited to, all infringing derivative images, digital files, magnetic tapes, disks and other means for displaying or making infringing copies;

d) Recovery of damages for all gains, profits and advantages derived by CCA its agents, stores, franchisees, and dealers as a result of its direct and vicarious infringement of Virtual's copyrights, or alternatively, for actual and statutory damages;

e) Reasonable attorney's fees, prejudgment interest and costs of suit;

f) Such other and further relief as the court deems equitable and just.

Respectfully submitted,

PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.

By: /s/ Michael A. Anderson

Michael A. Anderson, BPR #012368
McKinley S. Lundy, BPR #27391
*Attorneys for Virtual Studios, Inc.*
537 Market Street, Suite 202
Chattanooga, TN 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032

PLAINTIFF RESPECTFULLY REQUESTS A JURY TO TRY THE ISSUES WHEN JOINED.

By: /s/ Michael A. Anderson

Michael A. Anderson